Dec 8th 2020

David Thomas
SBI # 290287-C
Bayside State Prison
P.O. Box F-1
Leesburg, NJ 08327

Court Clerk
U.S. District Court
District of New Jersey

RECEIVED
DEC 14 2020
AT 8:30_____M
WILLIAM T. WALSH
CLERK

Official,

Please find enclosed herein a complaint pursuant 42 USC §1983, In Forma Pauperis Motion that I am submitting to this Court for filing. I respectfully request that you assign a docket number to t this matter and notify me of the status of this case.

I have enclosed a complant for each named defendant.

Respectfully,

David Thomas

PLEASE RETURN A STAMPED COPY OF THE COMPLAINT TO ME FOR MY RECORDS

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID THOMAS <br> aka DAVID C. THOMAS Jr. <br> vs. <br> **Ofc MUNOZ** ( Official & Individual Capacity); <br> **Ofc BATTIATA** ( Official & Individual Capacity); <br> **E. DiBENEDETTO** ( Official & Individual Capacity); <br> **JOHN POWELL** – Admin SWSP ( Official & Individual Capacity); Assist. Admin. **C. Muessig** Individual Capacity); **JOHN DOES** ( Official & Individual Capacity); | **VERIFIED** <br> **COMPLAINT PURSUANT TO 42 U.S.C §1983** <br> **CIVIL ACTION** <br><br> Civil Dkt No. _____ <br><br> RECEIVED <br> DEC 14 2020 <br> AT 8:30____ <br> WILLIAM T WALSH —M <br> CLERK |

## PRELIMINARY STATEMENT

This is a prisoner's civil action pursuant to 42 USC section §1983, alleging violation of his rights guaranteed to him under the United States Constitution's 8th amendment, as well as the New Jersey constitutions Article I Paragraph 12, prohibiting cruel and unusual punishments, and asserting deliberate indifference towards his physical health and safety, and medical needs.

## JURISDICTION

This is a prisoner's civil rights action pursuant to 42 USC § 1983. Plaintiff invokes this court supplemental / concurrent jurisdiction for those claim arising under State law.

## PREVIOUSLY DISMISSED FEDERAL ACTIONS

This is plaintiff's first federal action- and therefore he does not have any previously dismiss actions in this or any other federal court.

## PRESENT PLACE OF CONFINEMENT

Bayside State Prison
SBI # 290287-C
4292 Rt. 47
P.O. Box F-1
Leesburg, New Jersey 08327

## PARTIES

**PLAINTIFF:** **David Thomas # 290287-C**
Bayside State Prison
4292 Rt. 47
P.O. Box F-1
Leesburg, New Jersey 08327

### DEFENDANTS:

(a)  Name:  **Officer Munoz**

Position:  **Correctional Officer**

Place of Employment: ` South Woods State Prison (SWSP)
215 South Burlington Road   Bridgeton, NJ 08302

INVOLVEMENT:  Failed to take action to prevent assault fabricated misbehavior report

(b)  Name:  **Officer Battiata**

Position:  **Correctional Officer**

Place of Employment: ` South Woods State Prison (SWSP)

215 South Burlington Road   Bridgeton, NJ 08302

INVOLVEMENT:    Housing Unit Officer on unit 1-1-Right, was informed by plaintiff that he was being assaulted by cellmate and asked to have his cell changed, but the officer ignored plaintiff's complaints and failed to protect plaintiff

**(c)**   Name:   **E. Di Benedetto**

   Position:   **Disciplinary Hearing Officer**

   Place of Employment: ` South Woods State Prison (SWSP)

      215 South Burlington Road   Bridgeton, NJ 08302

   INVOLVEMENT:   Disciplinary Hearing Officer was responsible for hearing and adjudicating disciplinary infraction involving assault plaintiff suffered at the hands of his cellmate.

**(d)**   Name:   **C. Muessig**

   Position:   **Assistant Administrator**

   Place of Employment: ` South Woods State Prison (SWSP)

      215 South Burlington Road   Bridgeton, NJ 08302

   INVOLVEMENT:   Was made aware of the danger to plaintiff's health and safety and refused to take any corrective and / or preventative measures.

(e)   Name:   **John Powell**

   Position:   **Administrator**

   Place of Employment: ` South Woods State Prison (SWSP)

      215 South Burlington Road   Bridgeton, NJ 08302

   INVOLVEMENT:   Was made aware of the danger to plaintiff's health and safety and refused to take any corrective and / or preventative measures.

## EXHAUSTION REQUIREMENTS

Plaintiff has fully exhausted his administrative remedies by filing a timely grievance with defendants **John Powell** - Administrator and **C. Muessig** – Assistant Administrator of South Woods State Prison located in Bridgeton NJ . The grievance was filed on May 20th 2020.

## STATEMENT OF CLAIM

**1)** On about March 2nd 2020 Plaintiff - **David Thomas** was assigned to South Woods State Prison Building 1-1- Right cell # 1041, and was housed with **inmate Maha Mudra.**

    **A)** **Inmate Maha Mudra.** Was irate because he did not want to be in South Woods State Prison, he told plaintiff that he wanted to go back to the prison he came from – which was New Jersey State Prison, located in Trenton, NJ

    **B)** Both plaintiff and **Maha Mudra.** arrived at South Woods at the same time.

    **C)** Plaintiff was 43 years old at the time of the herein complained of incident

**2)** **Inmate Maha Mudra.** had been imprisoned since the age of 18 and was about 51 years old at the time of the herein complained of incident.

    **A)** **Inmate Maha Mudra** had an _extensive_ prison record of institutional violence, and reputations of assaulting inmates as well as assaulting the prison officers.

**3)** From the period of March 2nd 2020 to July 11th 2020 plaintiff was physically assaulted and threatened by **Inmate Maha Mudra**, on a daily basis.

    **A)** Plaintiff was afraid to lock into the cell with **Inmate Maha Mudra**,

    **B)** Plaintiff reported the assaults and threats to **Officer Battiata** who was plaintiff's housing unit officer.

    **C)** **Officer Battiata** failed to document and /or otherwise make out an incident report concerning the incidents.

    **D)** **Officer Battiata** failed to take any action to protect plaintiff from the assaults of **Inmate Maha Mudra.**,

4)      On or about March 6th 2020 plaintiff asked **Officer Battiata** to move him from the cell away from **Inmate Maha Mudra**

    A)      **Officer Battiata** refused to move plaintiff

    B)      Plaintiff later learnt that another inmate had been seriously injured on the unit by his cellmate, approx. one year before plaintiff arrived on the unit.  Plaintiff then renewed his request to have his cell changed but **Officer Battiata** continued to refuse to move plaintiff.

5)      On about April 23rd, 2020 plaintiff again asked **Officer Battiata** to move his cell, and once again the officer refused to move him.

6)      On about May 20th 2020, plaintiff submitted an institutional grievance, alerting Administrator **John Powell**, as well as Assistant Administrator Mr. **C. Muessig** that Inmate **Maha Mudra had** been and continued to repeatedly assaulted and threatened him.

    A)      Assistant Administrator Mr. **C. Muessig** failed to take any meaningful action, and allowed plaintiff to remain in the cell with **Inmate Maha Mudra,** despite knowing that **Inmate Maha Mudra** had an assaultive history, and was assaulting plaintiff.

    B)      Plaintiff was told that "The prison administrator only changed cells for inmates for the benefit of the institution".  Plaintiff's safety was not taken into consideration at all.

7)      Due to Administrator **John Powell** ; Assistant Administrator **C. Muessig** and **Officer Battiata's refusal** to change plaintiff's cell, on July 11th 2020 at approximately 5:30 AM, plaintiff was severely beaten by **Inmate Maha Mudra,** almost loosing a limb.

    A)      During the assault, **Inmate Maha Mudra** attempted to bite plaintiff's left pointer finger off, inter alia. And caused permanent damage.

    B)      Plaintiff was taken to the prison medical unit and examined by the nurse.

**8)** The next day July 12th 2020 the finger was very painful, grotesquely swollen and inflamed with infection. Plaintiff was placed on intervenes antibiotics for over two weeks.

**A)** Plaintiff never regained the full range of motion of his finger, it continues to be very painful.

**B)** He suffered Post Traumatic Stress Disorder because of the incident, due to fear that this might happen again.

**9)** During the July 11th 2020 assault, plaintiff yell out to the housing unit officer for help, but no help was forth coming, therefore plaintiff had no choice but to try to defend himself from Inmate **Maha Mudra's** attack.

**A)** Officer Munoz wrote out and incident report and misrepresented the facts. The officer claimed that from Inmate **Maha Mudra's** and plaintiff were mutual combatants, when in fact Plaintiff was merely attempting to ward off **Maha Mudra's** advances.

**B)** During the Disciplinary Hearing plaintiff informed **Disciplinary Hearing Officer - E. Di Benedetto** that if she examined the video she would see **Officer Munoz** run down the steps and then to the cell door because plaintiff was kicking the door and hollering for the officer.

**10)** **Officer Munoz** observed the blood on the cell floor from plaintiff's severely injured finger. **Officer Munoz** walked away saying that" he had to check something at the desk" as if it was standard operating procedure.

**A)** In **Officer Munoz's** report, he claimed that: He came to the cell door and told us to knock it off or something to that effect, and then he left and we started fighting, but this did not occur,

**B)** **Plaintiff** maintained that he was assaulted by **Inmate Maha Mudra** and was forced to defend himself

**C)** **Officer Munoz** took no action to separate or otherwise intervene in the mater, despite observing plaintiff's severe injury

**11)** On July 15th 2020 **Disciplinary Hearing Officer - E. Di Benedetto** found **plaintiff** and **Inmate Maha Mudra** guilty of fighting, and imposed the punishment of Administrative Segregation, lost of Computation (Good) Time Credits, inter alia.

**12)** On  July 16 2020  despite Plaintiff being still connected to a device which delivered I.V. medication to him through his arm, plaintiff was transported in an cramped, unsanitized van along with several other non- medical inmates.

    A) The van was not designed to transport people with Intravenous equipment.

    B) Plaintiff was under doctor's care at the time of this move / transport

    C) Plaintiff do not believe that the doctor approved his transport, while having medical devices still attached to his person.

    D) The transport officers did not have any medical training, and officials demonstrated deliberate indifference to his serious medical needs as well as future health and safety.

## CAUSES OF ACTION

### A) FEDERAL CLAIMS

**1)** Defendants **Ofc Munoz; Ofc Battiata; E. Dibenedetto; Administrator John Powell ; Assistant Administrator C. Muessig,** and **John Does,** were deliberately indifferent to plaintiff's health and safety needs, in violation if the U.S. Constitution's 8th amendment, when they failed to protect plaintiff from assault by Inmate **Maha Mudra's,** despite having actual and constructive notice.

**2)** Defendants **Ofc Munoz; Ofc Battiata; E. Dibenedetto; Administrator John Powell ; Assistant Administrator C. Muessig** and **John Does,** were deliberately indifferent to plaintiff's health and safety needs, in violation if the U.S. Constitution's 8th amendment, when they failed to protect plaintiff from assault by Inmate **Maha Mudra's,** despite having actual and constructive notice.

3) Defendants **Ofc Munoz; ; E. Dibenedetto, ; Administrator John Powell ; Assistant Administrator C. Muessig, and John Does** were deliberately indifferent to plaintiff's health and safety needs, in violation if the U.S. Constitution's 8th amendment, when they allowed plaintiff to be transported in a manner inconsistent with medical standards, in a cramp van while attached to an operable Intravenous device was still attached.

### B) STATE CLAIMS

1) Defendants **Ofc Munoz; Ofc Battiata; E. Dibenedetto; Administrator John Powell ; Assistant Administrator C. Muessig, and John Does,** were deliberately indifferent to plaintiff's health and safety needs, in violation if N.J. Constitution's Article I, paragraha 12 which prohibits cruel & unusual punishments, when they failed to protect plaintiff from assault by Inmate **Maha Mudra's,** despite having actual and constructive notice.

2) Defendants **Ofc Munoz; Ofc Battiata; E. Dibenedetto ; Administrator John Powell ; Assistant Administrator C. Muessig, and John Does,** were grossly negligent to plaintiff's health and safety needs, when they failed to protect plaintiff from assault by Inmate **Maha Mudra's,** despite having actual and constructive notice.

3) Defendants **Ofc Munoz; E. Dibenedetto ; Administrator John Powell ; Assistant Administrator C. Muessig, and John Does,** were deliberately indifferent to plaintiff's health and safety needs, in violation if the U.S. Constitution's 8th amendment, when they allowed plaintiff to be transported in a manner inconsistent with medical standards, in a cramp van while attached to an operable IV solution and device

### DAMAGES

A) The plaintiff seeks the following damages for claims arising under his **Federal Constitutional Claims**:

**COMPENSATORY**: Pain & Suffering; Mental Pain and Anxious

**PUTATIVE**: for defendants willful deliberate indifference to his health, safety and medical needs

**B)** The plaintiff seeks the following damages for claims arising under **State law**:

**COMPENSATORY**: Pain & Suffering; Mental Pain and Anxious

**PUTATIVE**: for defendants willful deliberate indifference to his health, safety and medical needs

**C)** This action seeks an Award in Defendants Official as well as individual capacity in both the federal as well as under the State claims.

## VERIFICATION / CERTIFICATION

David Thomas hereby certify and verify that I am the plaintiff in the instant civil action pursuant to 42 USC §1983, and that the statements contained herein are based upon personal knowledge and/or information and belief, as I believe it to be true. I declare under penalty of perjury that the herein statements are true and correct and I understand that any willfully false statements may subject me to punishment.

DATED: Dec 5th, 2020

David Thomas - Plaintiff