UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____

DAVID THOMAS,                  :
                               :
        Plaintiff              :    Civ. No. 20-18859 (RMB-SAK)
                               :
    v.                         :
                               :    **OPINION**
OFC. MUNOZ, *et al.*,          :
                               :
        Defendants             :
_____:

BUMB, District Judge

Plaintiff David Thomas is prisoner who was confined in Bayside State Prison in Leesburg, New Jersey at the time he filed this pro se civil rights complaint. (Compl., Dkt. No. 1.)

I.  FILING FEE/*IN FORMA PAUPERIS*

Pursuant to Local Civil Rule 54.3, the Clerk shall not be required to enter any suit, file any paper, issue any process, or render any other service for which a fee is prescribed, unless the fee is paid in advance. Under certain circumstances, however, this Court may permit an indigent plaintiff to proceed *in forma pauperis.*

The entire fee to be paid in advance of filing a civil complaint is $402. That fee includes a filing fee of $350 plus an

administrative fee of $52, for a total of $402.[1] A prisoner who is granted *in forma pauperis* status will, instead, be assessed a filing fee of $350 to be paid in installments, and will not be responsible for the $52 administrative fee. A prisoner who is denied *in forma pauperis* status must pay the full $402, including the $350 filing fee and the $52 administrative fee, before the complaint will be filed.

Title 28, section 1915 of the United States Code establishes certain financial requirements for prisoners who are attempting to bring a civil action *in forma pauperis*. Under § 1915, a prisoner seeking to bring a civil action *in forma pauperis* must submit an affidavit, including a statement of all assets and liabilities, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement(s) for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this certified statement from the appropriate official of each correctional facility at which he was or is confined during such six-month period. Id.

If the prisoner is granted *in forma pauperis* status, the prisoner must pay the full amount of the filing fee in

---

[1] On December 1, 2020, the administrative fee was raised from $50 to $52. However, as Plaintiff submitted his complaint in this action prior to this change, should Plaintiff elect to pay the filing fee, he shall only owe $400.

installments. 28 U.S.C. § 1915(b)(1). In each month that the amount in the prisoner's account exceeds $10.00, until the filing fee is paid, the agency having custody of the prisoner shall deduct from the prisoner's account, and forward to the Clerk, an installment payment equal to 20% of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2).

Plaintiff may not have known when he submitted his complaint that he must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B) (*in forma pauperis* actions); see also 28 U.S.C. § 1915A (dismissal of actions in which prisoner seeks redress from a governmental defendant). If the Court dismisses the case for any of these reasons, § 1915 does not suspend installment payments of the filing fee or permit the prisoner to get back the filing fee, or any part of it, that has already been paid.

If the prisoner has, on three or more prior occasions while incarcerated, brought in federal court an action or appeal that was dismissed on the grounds that it was frivolous or malicious, or that it failed to state a claim upon which relief may be granted,

he cannot bring another action *in forma pauperis* unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

In this case, Plaintiff has not submitted the filing fee, and his affidavit of poverty is not accompanied by the requisite "certified [signed] copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). The Court will administratively terminate this case, subject to reopening. First, however, the Court will screen the complaint.

II. LEGAL STANDARD FOR *SUA SPONTE* DISMISSAL

District courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis,* see 28 U.S.C. § 1915(e)(2)(B)[2], seeks redress against a governmental employee or entity, see 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, see 42 U.S.C. § 1997e. District courts must *sua sponte* dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B), § 1915A(b)(1); 42 U.S.C. § 1997e(c)(1).

---

[2] The United States Court of Appeals for the Third Circuit has determined this Court can screen Plaintiff's complaint for dismissal before considering an *in forma pauperis* application. Brown v. Sage, 941 F.3d 655, 660 (3d Cir. 2019) (en banc).

4

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." Schreane v. Seana, 506 F. App'x 120, 122 (3d Cir. 2012) (citing Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000)); Mitchell v. Beard, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(l)); Courteau v. United States, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)). That standard is set forth in Ashcroft v. Iqbal, 556 U.S. 662 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), as explained by the United States Court of Appeals for the Third Circuit as follows. To survive the court's screening for failure to state a claim, the complaint must allege 'sufficient factual matter' to show that the claim is facially plausible. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting Iqbal, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

Pro se pleadings must be liberally construed. Haines v. Kerner, 404 U.S. 519 (1972). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

II. THE COMPLAINT

The allegations in the complaint are accepted as true for purposes of this opinion only. On March 2, 2020, Plaintiff was incarcerated in South Woods State Prison and assigned to Building 1-1- Right cell# 1041, sharing a cell with inmate Maha Mudra. (Compl., ¶1, Dkt. No. 1.) "Mudra had an extensive prison record of institutional violence, and reputation[] of assaulting inmates as well as assaulting the prison officers." (Id., ¶2A.) Mudra physically assaulted and threatened Plaintiff on a daily basis from March 2, 2020 through July 11, 2020. (Id., ¶3.) Plaintiff reported the assaults and threats to his housing unit officer, Defendant Officer Battiata ("Battiata"), who failed to document Plaintiff's complaints or take any action to protect Plaintiff from Mudra. (Id., ¶3B-D.) On March 6, 2020, Plaintiff asked Battiata to move him to a new cell, but Battiata refused. (Id., ¶4, 4A.) Plaintiff renewed his request for a cell change again on April 23, 2020, and Battiata refused to move Plaintiff to another cell. (Id., ¶5.) On May 20, 2020, Plaintiff alerted Defendant Administrator John Powell ("Powell") and Defendant Assistant

Administrator C. Muessig ("Muessig") about Mudra's assaults and threats against Plaintiff, and they did not take any meaningful action and left Plaintiff in the cell with Mudra. (Compl., ¶¶ 6, 6A, Dkt. No. 1.) Plaintiff was told that "[t]he prison administrator only changed cells for inmates for the benefit of the institution". (Compl., ¶6B.)

On July 11, 2020, Plaintiff was severely beaten by Mudra. (Compl., ¶7.) Mudra caused Plaintiff permanent damage by trying to bite one of his fingers off. (Id., ¶7A.) Plaintiff's finger became infected and he required two weeks of intravenous antibiotics. (Id., ¶8.) During the assault, Plaintiff called for help, but when no one came, he defended himself. (Id., ¶9.) When Defendant Officer Munoz ("Munoz") responded to Plaintiff's shouts, he saw blood on the cell floor and walked away, saying that he had to check on something. (Id., ¶10.) Munoz wrote a false incident report, stating that he responded to the cell and told Plaintiff and Mudra to knock it off, and they started fighting after he walked away. (Id., ¶10A.) Plaintiff told Defendant Disciplinary Hearing Officer ("DHO") E. DiBenedetto that if she watched the security video, she would see that Munoz ran to the cell in response to Plaintiff's calls for help. (Compl., ¶9B, Dkt. No. 1.) Munoz failed to intervene to assist Plaintiff, despite observing Plaintiff's bloody finger. (Id., ¶10C.) On July 15, 2020, the DHO found Plaintiff guilty of fighting. (Id., ¶11.)

7

On July 16, 2020, Plaintiff was transported in a cramped and unsanitary van that was not set up for intravenous equipment, which Plaintiff was using for treatment. (Id., ¶12, A-D.) Plaintiff does not believe he was medically cleared for transportation in this manner. (Id.) He brings federal and state constitutional claims of failure to protect his safety against an inmate assault, and failure to protect his health by transporting him without medical clearance, and further asserts these claims against John Doe Defendants.

III. DISCUSSION

The Court makes no factual finding on the merits of Plaintiff's failure to protect against inmate assault claims under 42 U.S.C. § 1983 and the New Jersey Civil Rights Act, N.J. Stat. Ann. § 10:6-1 et seq., but after Plaintiff is granted IFP status or pays the filing fee, those claims may proceed against Officers Battiata and Munoz, and Administrator John Powell and Assistant Administrator C. Cuessig.

To state an Eighth Amendment claim based on failure to protect a prisoner from present or future damage to his health under 42 U.S.C. § 1983 or the equivalent claim under the NJCRA,[3] a Plaintiff must allege the defendants acted with deliberate indifference to

---

[3] "This district has repeatedly interpreted NJCRA analogously to § 1983." Trafton v. City of Woodbury, 799 F. Supp. 2d 417, 443 (D.N.J. 2011) (collecting cases).

"an unreasonable risk of serious damage to his future health." Helling v. McKinney, 509 U.S. 25, 35 (1993). First, Plaintiff has not alleged the personal involvement of any of the defendants in the decision to transport Plaintiff in a van that was not set up for intravenous equipment. Therefore, he has not established deliberate indifference of any named defendant. Second, even if Plaintiff could identify a defendant personally involved in the decision to transport him in the manner alleged or bring his claim against a John Doe defendant, it is not clear to this Court how transportation in the van presented an unreasonable risk of serious damage to Plaintiff's health. Therefore, the Court will dismiss without prejudice Plaintiff's Eighth Amendment claims that Defendants failed to protect his health by transporting him in a van while receiving intravenous medication.

Plaintiff names DHO DiBenedetto as a defendant but does not explain how DiBenedetto's decision finding Plaintiff guilty of fighting Mudra caused an injury to Plaintiff's health or safety, and Plaintiff has not specifically alleged a due process violation by DiBenedetto in finding Plaintiff guilty of fighting. Even accepting as true Plaintiff's allegation that Munoz lied in the incident report, the DHO was not required to accept Plaintiff's allegation that Munoz had lied. The Court will dismiss the failure to protect claims against DiBenedetto without prejudice. If Plaintiff can allege a cognizable due process violation in

9

connection with the prison disciplinary proceeding, he may file an amended complaint.

IV. CONCLUSION

For the foregoing reasons, this matter is administratively terminated. Plaintiff shall have thirty (30) days in which to either pay the $400 filing fee or submit a properly completed application to proceed *in forma pauperis*. Plaintiff may either (1) proceed with the failure to protect claims in the original complaint that this Court has found may proceed; or (2) submit an amended complaint that completely replaces the original complaint [and must include all claims Plaintiff wishes to bring] and alleges additional facts to support those claims that this Court has dismissed without prejudice.

An appropriate order will be entered.


**DATED: May 5, 2021**　　　　　　　　　　s/Renée Marie Bumb
　　　　　　　　　　　　　　　　　　　　**RENÉE MARIE BUMB**
　　　　　　　　　　　　　　　　　　　　**United States District Judge**