NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| DAVID THOMAS, | Civ. No. 20-18859 (RMB-EAP) |
| Plaintiff | |
| v. | **OPINION** |
| OFFICER MUNOZ, et al., | |
| Defendants | |

APPEARANCES:

Peter M. Kober, Esq.
1864 Rte 70 East
Cherry Hill, NJ 08003
    Pro Bono Counsel for Plaintiff

Michael Ezra Vomacka, Deputy Attorney General
New Jersey Office of the Attorney General
25 Market St.
P.O. Box 112
Trenton, NJ 08625
    Counsel for Defendants

    This matter comes before this Court on the motion for summary judgment by Defendants Trent Battiata, Chad Muessig, Joel Munoz, and John Powell (collectively "Defendants") Mot. for Summ. J., Dkt. 54; Plaintiff's opposition brief to Defendants' motion for summary judgment ("Pl's Opp. Brief") Dkt. 57; and Defendants' reply brief, Dkt. 58. The Court will determine the motions on the briefs and records under

Federal Rule of Civil Procedure 78(b), without oral argument. For the reasons discussed below, this Court will grant Defendants' motion for summary judgment on Plaintiff's federal claims and decline to exercise supplemental jurisdiction over Plaintiff's failure to protect claim against Officer Battiata under the New Jersey Civil Rights Act ("NJCRA") N.J. Stat. Ann. 10:6-1 *et seq.*

**I. BACKGROUND**

Plaintiff David Thomas filed his original complaint in this matter on December 14, 2020, and alleges the following facts in support of his claims. Compl., Dkt. 1. Plaintiff was incarcerated in South Woods State Prison in March 2020, when he was assigned a new cellmate, Inmate Mudra ("Mudra.") Mudra made daily threats of violence toward Plaintiff, which he reported to staff. Defendants failed to do anything to protect Plaintiff, despite Mudra's extensive record of institutional violence. Mudra severely assaulted and injured Plaintiff on July 11, 2020. *Id.*

On May 5, 2021, upon screening the complaint for dismissal under 28 U.S.C. § 1915(e)(2)(B), the Court permitted Plaintiff to proceed on the following claims against Defendants Battiata, Munoz, Powell, and Muessig: (1) failure-to-protect inmate safety under the Eighth Amendment of the United States Constitution, pursuant to 42 U.S.C. § 1983; (2) failure-to-protect inmate safety under the New Jersey Constitution, pursuant to the NJCRA; and (3) negligence and gross negligence under New Jersey state law. Opinion, Dkt. 2. The remaining claims in the complaint were dismissed without prejudice. *Id.* Plaintiff filed an amended complaint on February 15, 2022, which conformed his complaint to the Court's screening opinion of the original

complaint by dropping all claims that were dismissed without prejudice. Am. Compl., Dkt. 7.

## I. THE PARTIES' ARGUMENTS

Defendants seek summary judgment for several reasons. Br. in Supp. of Defs' Mot. for Summ. J. ("Defs' Brief"), Dkt. 54-1. Defendants contend Plaintiff's federal claims fail because he did not exhaust his administrative remedies pursuant to 42 U.S.C. § 1997e(a) before filing suit. Defs' Brief at 22. Nevertheless, Defendants urge the Court to exercise supplemental jurisdiction over Plaintiff's state law claims under the NJCRA, and grant summary judgment on those claims. Defs' Reply Brief at 8-10, Dkt. 61. Defendants submit that Plaintiff's failure to protect claims under § 1983 and the NJCRA fail for lack of evidence, and they are entitled to qualified immunity. Defs' Brief at 6-21, 25-26, Dkt. 54-1. Finally, Defendants claim they should be granted summary judgment on Plaintiff's state common law claims because Plaintiff failed to file a tort claims notice, and they are immune from liability. *Id.* at 29-31.

In opposition to summary judgment, Plaintiff narrowed the issues by conceding several claims. Pl's Opp. Brief, Dkt. 57. Plaintiff conceded Defendants Munoz, Powell and Muessig are entitled to summary judgment on his failure to protect claims under § 1983 and the NJCRA due to their lack of personal involvement in failing to protect Plaintiff from his cellmate. *Id.* at 9. Plaintiff also conceded that he did not file a tort claims notice, thus, it is appropriate to dismiss his state common law claims. *Id.* at 11. Plaintiff, however, does not concede that he failed to exhaust administrative remedies prior to filing suit. Plaintiff acknowledges that he did not appeal to the

3

warden at South Woods State Prison, but he contends the administrative remedy process was no longer available to him.  Pl's Opp. Brief at 1- 3, Dkt. 57.  Therefore, the Court begins by resolving whether Plaintiff exhausted available administrative remedies.

## III.  DISCUSSION

### A.  Plaintiff's Federal Claims Fail Because He Did Not Exhaust Administrative Remedies Before Filing Suit.

A prisoner who asserts violations of federal law must first seek relief by raising his claims in the prison's administrative remedy program before suit is filed.  42 U.S.C. § 1997e(a); *Ross v. Blake*, 578 U.S. 632, 638 (2016).  Proper exhaustion of administrative remedies is mandatory, requiring a prisoner to comply with the deadlines and procedural rules prescribed by the prison's administrative remedy program.  *Jones v. Bock*, 549 U.S. 199, 217-18 (2007).  Prisoners, however, are required to exhaust only those administrative remedies which are 'capable of use' to obtain some relief for the action complained of."  *Ross*, 578 U.S. at 643; *accord*, *Robinson v. Superintendent, Rockview SCI*, 831 F.3d 148, 153 (3d Cir. 2016).  A prison makes its remedy unavailable to a prisoner when it "fail[s] to timely (by its own procedural rules) respond to his grievance and then repeatedly ignore[s] his follow-up requests for a decision on his claim."  *Robinson*, 831 F.3d at 154.  The burden to prove failure to exhaust administrative remedies, an affirmative defense, is on the defendant.  *Id.*

4

The following facts are undisputed. To exhaust his administrative remedies for an incident that occurred in South Woods State Prison, a prisoner must submit an Inmate Grievance Form, and appeal the response to that form before applying to the courts for relief. Defs' Ex. L at 21-22, Dkt. 54-16; Defs' Ex. M at 72-73, Dkt. 54-17. The Department of Corrections identified inmate remedy forms submitted via the jPay system between the date Plaintiff was housed with Maha Mudra (March 2, 2020) and the date Plaintiff filed his lawsuit (December 14, 2020). Defs' Ex. K, Dkt. 54-15. Plaintiff submitted an Inmate Grievance form in Northern State Prison on July 22, 2020, alleging Defendants failed to protect him from assault by his cellmate in South Woods State Prison. Defs' Ex. K. (unnumbered), Dkt. 54-15 at 7. On July 28, 2020, Paul Fiore at Northern State Prison responded to the Inmate Grievance form by directing Plaintiff to contact South Woods State Prison for the appeal process, because the incident occurred there. *Id.* Based on the lack of any record of appeal, Plaintiff did not appeal the response to the South Woods State prison administrator or designee. *Id.* Plaintiff acknowledges he did not appeal to South Woods State Prison, Statement of Disputed Material Facts ("SDMF") at ¶ 14, Dkt. 57-2, but he contends the appeal process was unavailable to him.

This case is distinguishable from *Robinson*, 831 F.3d at 154, because Plaintiff received a response to his Inmate Grievance form. In that response, Plaintiff was directed how to continue with the appeal process, and Plaintiff chose not to do so. There is nothing in the record showing an appeal to the administrator in South Woods State Prison would have been a dead end. The exhaustion requirement

applies to prisoners "'confined in *any* jail, prison, or other correctional facility.'" *Ahmed v. Dragovich*, 297 F.3d 201, 210 (3d Cir. 2002) (quoting 42 U.S.C. § 1997e(a)). Defendants have met their burden to establish that Plaintiff failed to exhaust the administrative remedies available to him. Therefore, his § 1983 claims will be dismissed with prejudice for failure to exhaust administrative remedies.

### B. The Court Will Not Exercise Supplemental Jurisdiction Over Plaintiff's NJCRA Claim Against Officer Battiata

Plaintiff urges that if the Court finds he failed to exhaust administrative remedies for his federal claims, the Court should dismiss the NJCRA claim (Count (B)(l)) without prejudice, and grant leave to refile the claim in New Jersey state court. Pl's Opp. Br. at 3-4, Dkt. 57. Defendants, to the contrary, ask the Court to retain supplemental jurisdiction and grant summary judgment on Plaintiff's NJCRA claim against Battiata. Defs' Reply Br. at 8-10, Dkt. 61.

A district court "may decline to exercise supplemental jurisdiction over [state] claim[s]" under 28 U.S.C. § 1367(c). If a district court "dismisses the federal claims prior to trial … it *must* decline to exercise jurisdiction over the state law claims unless considerations of judicial economy, convenience, and fairness justify retaining that jurisdiction." *Talley v. Clark*, 111 F.4th 255, 266 (3d Cir. 2024) (cleaned up) (emphasis added). Defendants argue judicial economy, convenience and fairness to the litigants favor this Court exercising supplemental jurisdiction over the NJCRA claim because the case has been litigated for almost four years. Defs' Reply Br. at 8, Dkt. 61. Judicial economy and convenience of the parties would be served by

exercising supplemental jurisdiction, Defendants submit, because discovery has been completed and the dispositive motions are ready for disposition. *Id.* at 8-9. Fairness results because the federal claims under § 1983 overlap with the claims under the NJCRA. Defs' Reply Br. at 10, Dkt. 61.

Defendants ignore the fact that it is not necessary for the Court to reach the substance of Plaintiff's failure to protect claim under federal law, because Plaintiff failed to exhaust administrative remedies under 42 U.S.C. § 1997e(a). This weighs against exercising supplemental jurisdiction because there will be no duplication of judicial efforts in determining Defendant's motion for summary judgment; it will be determined either by the state or the federal court. Moreover, the constitutional claim under § 1983 and the NJCRA are interpreted analogously. *Falcone v. Dickstein*, 92 F.4th 193, 206 n.8 (3d Cir. 2024) *cert. denied sub nom. Murray-Nolan v. Rubin*, 2024 WL 2262337 (U.S. May 20, 2024). Thus, if this Court declines supplemental jurisdiction, a state court would apply the same substantive law in determining Defendant's motion for summary judgment, and fairness to the parties is not relevant to the exercise of supplemental jurisdiction. Thus, the Court will decline to exercise supplemental jurisdiction and give Plaintiff the opportunity to refile his NJCRA claim in state court.[1] *See Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) ("A district court's decision whether to exercise [supplemental] jurisdiction after

---

[1] *See Artis v. D.C.*, 583 U.S. 71, 75 (2018) ("We hold that § 1367(d)'s instruction to "toll" a state limitations period means to hold it in abeyance, i.e., to stop the clock.")

dismissing every claim over which it had original jurisdiction is purely discretionary.")

## IV. CONCLUSION

After the parties narrowed the issues on summary judgment, the Court has concluded Defendants are entitled to summary judgment on Plaintiff's federal claims under 42 U.S.C. § 1983, and the Court will decline to exercise supplemental jurisdiction over Plaintiff's single NJCRA claim against Battiata. Plaintiff shall have 30 days to refile his NJCRA claim against Battiata in state court.

An appropriate Order follows.

Date: November 22, 2024

s/ Renée Marie Bumb  
RENÉE MARIE BUMB  
Chief United States District Judge